### BRADY v. POWERS et al.

(Supreme Court, Appellate Division, First Department. June 16, 1905.)

APPEAL—RECORD—ORDER OF PRINTING PAPERS—DUTY OF CLERK—RULE OF COURT—CONSTRUCTION.

Under rule 41 of the general rules of practice in the Supreme Court, requiring that in making up the record on appeal the papers shall consist of the notice of appeal and copy of the judgment roll, that to these papers shall be attached the case and exceptions, and that the clerk shall refuse to receive or file printed papers on appeal unless they are printed in the order indicated, it is the duty of the clerk, before receiving a record on appeal, to examine it, to see whether it is correctly made up; and, when the printing of a record does not follow the rule, the clerk cannot be required to receive and file it.

Appeal from Trial Term.

Action by William A. Brady against Patrick T. Powers and others. From a judgment in favor of plaintiff, defendants appeal. On motion to require the clerk of the Supreme Court to receive and file the record. Motion denied.

Argued before McLAUGHLIN, PATTERSON, INGRAHAM, O'BRIEN, and LAUGHLIN, JJ.

James A. Allen, for the motion.

PER CURIAM. An examination of the files of the Law Journal will show that during the year 1891 the following rule was published under the heading "Supreme Court, General Term":

"The general rules of practice contemplating that when a case is settled it shall be annexed to the judgment roll, and the judgment roll, with the case annexed, being the papers upon which appeals from judgments shall be heard

by the General Term, the clerk of the General Term has been instructed by the court to refuse to receive or to file printed papers upon appeal unless the same are printed in the order above mentioned."

Subsequently this provision was added to rule 41 of the general rules of practice. Upon an examination thereof, it will be noticed that in making up the record the rule requires that the papers shall consist of the notice of appeal and copy of the judgment roll, and "to these papers shall be attached the case and exceptions." The uniform construction given to this language for 15 years has been to require the clerk, before receiving a record upon appeal, to examine it, in order to see whether it was made up in accordance with the provision requiring that the judgment roll should immediately follow the notice of appeal, and that to these papers should be attached the case and exceptions.

As the order observed in the printing of this record does not follow that rule, the motion to have the clerk receive and file the same is denied.